IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

VS.                                                            CRIMINAL NO. NM9 3968559-62

JOHN E. LIGGINS

## MEMORANDUM OPINION

This matter is before the court on the defendant's motion to dismiss. After considering the motion and the response thereto, and after hearing oral argument, the court finds as follows:

## FACTS

The facts in this matter are largely undisputed. On December 1, 2013, Ranger Jonathan Williams was patrolling the Natchez Trace Parkway. At approximately 4:45 p.m. that day, Williams observed a southbound vehicle driving ten miles per hour under the speed limit and decided to investigate. Before Ranger Williams activated his lights, however, the driver exited the Parkway onto County Road 51 in Lee County, Mississippi and drove west. Williams followed the vehicle off the Parkway and activated his lights, and the driver pulled to the side of CR 51. It is important to note here that while the Natchez Trace Parkway is commonly considered nothing more than the 444-mile roadway itself, the boundary that determines the property owned by the United States parallels the Natchez Trace Roadway on each side of the roadway, stretching approximately two hundred yards to either side.[1] When the driver of the slow-moving vehicle eventually stopped on the side of CR 51, he was just outside the boundary of the Parkway.

---

[1] While the United States owns the right-of-way in fee simple, scenic easements extend the Parkway even farther is some areas.

1

*United States v. Brigham*, 382 F.3d 500, 506 (5ᵗʰ Cir. 2004). *Terry* provides that law enforcement officers may briefly detain an individual, despite a lack of probable cause to arrest, when they have an objectively reasonable suspicion that criminal activity is afoot. *See Terry v. Ohio* 392 U.S. 1, 30 (1968); *United States v. Cardenas*, 9 F.3d 1139, 1147 (5ᵗʰ Cir. 1993).

In the present case, counsel for the government argued that Ranger Williams made the initial stop because he believed he saw a beer can tossed from the window of Liggins' vehicle. For the sake of this opinion, the court will assume this is accurate.² While this court is not prepared to make a determination as to whether Ranger Williams had reasonable suspicion or probable cause at this point because the issue has not been raised, what is clear is that a valid, routine traffic stop made pursuant to *Terry* is not an arrest. *See Berkemer*, 486 U.S. at 439; *Pennsylvania v. Bruder*, 488 U.S. 9, 10 (1988) (holding ordinary traffic stops do not curtail freedom to degree associated with formal arrest). Accordingly, the court finds that when Ranger Williams first stopped Liggins on CR 51 and told him to pull to the side of the road, Liggins was not under arrest. Indeed, Liggins was not placed under arrest until he performed poorly on the field sobriety tests, and it is not disputed that this occurred within the boundary of the Natchez Trace Parkway.³

---

²During oral argument, both parties chose not to put on witnesses but rather preferred to make their argument to the court. The government explained that Ranger Williams would testify that he saw what he believed to be a beer can being tossed from the window of Liggins' vehicle. That Ranger Williams believed he saw this is not disputed.

³The court understands the defendant contends he was within the boundary of the Parkway because – as defense counsel puts it – Ranger Williams "ordered" him to the side of the road. Even assuming Ranger Williams was without authority to do so, the court finds this would not divest the court of subject matter jurisdiction. *See, e.g., United States v. Jones*, 428 F. Supp. 2d 497, 503 (W.D. Va. 2006) (holding Ranger exceeded his statutory authority when he arrested the defendant but affirmed conviction).

4

Accordingly, because Liggins was within the boundary of the Natchez Trace Parkway when the Ranger placed him under arrest, the court finds the defendant's motion to dismiss is not well taken, and it is hereby DENIED

SO ORDERED, this the 7th day of November 2014.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE